THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No. 1: 19 CR. 00859-DLC |
| Plaintiff, ) | |
| ) | MOTION FOR EARLY TERMINATION OF |
| v. ) | SUPERVISED RELEASE |
| ) | |
| MICHAEL CAMPANA, ) | |
| ) | |
| Defendant. ) | |

*Denied.*
*Denise Cote*
*7/19/23*

I.  INTRODUCTION

Defendant, MICHAEL CAMPANA, hereby moves the Court to terminate his term of supervised release pursuant to 18 U.S.C. § 3583(e)(1). The 3-year term of supervised release began on January 18, 2022, and Mr. Campana has completed half of the supervisory term. Mr. Campana is being supervised in the Southern District of New York where he lives and works. Prior to filing this petition, defense counsel contacted AUSA David Lewis and SDNY Probation Officer Andrew Leung, who is supervising Mr. Campana. Both AUSA Lewis and Officer Leung take no position regarding this petition and Officer Leung confirmed that Mr. Campana has been compliant with the terms of his supervision (Exhibit A).

II.  APPLICABLE LAW

Title 18, section 3583(e)(1) of the United States Code authorizes the Court to terminate a defendant's term of supervised release at any time after the expiration of one year of supervision if the Court is "satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." No hearing is requested for this unopposed petition. Section 3583(e) directs the Court to consider the purposes of sentencing set forth in 18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6) and (a)(7) in deciding whether to terminate a term of supervised release. The Judicial Conference has identified the following criteria to assess eligibility for early termination:

>Officers should consider the suitability of early termination for offenders as soon as they are statutorily eligible. The general criteria for assessing whether a statutorily eligible offender should be recommended to the court as an appropriate candidate for early termination are as follows:
>
>1. stable community reintegration (e.g., residence, family, employment);
>
>2. progressive strides toward supervision objectives and in compliance with all conditions of supervision;
>
>3. no aggravated role in the offense of conviction, particularly large drug or fraud offenses;
>
>4. no history of violence (e.g., sexually assaultive, predatory behavior, or domestic violence);
>
>5. no recent arrests or convictions (including unresolved pending charges), or ongoing, uninterrupted patterns of criminal conduct;
>
>6. no recent evidence of alcohol or drug abuse;
>
>7. no recent psychiatric episodes;
>
>8. no identifiable risk to the safety of any identifiable victim; and
>
>9. no identifiable risk to public safety based on the Risk Prediction Index (RPI).

Guide to Judiciary Policy, Vol. 8E, Ch. 3 § 380.10(b), "Early Termination" (Monograph 109) (rev'd 2010).

Pursuant to the policy, "there is a presumption in favor of recommending early termination" for supervisees after the first 18 months if they are not "career violent and/or drug offenders, sex offenders, or terrorists," if they "present no identified risk to the public or victims," and if they are "free from any moderate or high severity violations." Guide to Judiciary Policy, Vol. 8E, Ch. 3 § 380.10(e)(1)(A)-(C), "Early Termination" (Monograph 109) (rev'd 2010). Further, on February 16, 2012, the Honorable Robert Holmes Bell, Chair of the Committee on Criminal Law of the Judicial Conference, issued a memorandum to all United States District Court Judges encouraging them to grant early termination of supervised release in appropriate cases as an effort to reduce expenditures in the probation and pretrial services programs. Terminating "appropriate cases before they reach their full term saves resources and allows officers to focus on

offenders who continue to pose the greatest risk of recidivism. "Judge Bell's memorandum notes that supervision costs approximately $3,938 per year per case ($5,203 in 2023 U.S. Dollars). Analysis by the Administrative Office of the Courts indicates that offenders who received early termination were "arrested less often, for less serious charges, and were sentenced to terms of imprisonment less often." Accordingly, "[f]rom a policy standpoint, it appears that the above criteria, when properly applied, does not jeopardize public safety." Id.

### III.     MR. CAMPANA SATISFIES ALL THE CRITERIA FOR EARLY TERMINATION

On November 6, 2019, Mr. Campana entered a plea of guilty to Count One of a one-count Information charging him with tax evasion in violation of Title 26, United States Code, Section 7201.  On July 24, 2020, Mr. Campana was sentenced to a 24-month prison sentence. Notably, Mr. Campana satisfied all restitution owed to the IRS prior to his sentencing in July 2020, and the fine and special assessment were paid shortly thereafter.  Exhibits B and C.  He self-surrendered, served his prison term and has been compliant with all of the terms and conditions of his supervised release for the past 18 months, including successfully completing a nine-month treatment program.  He was subsequently transferred to "low intensity" supervision in August 2022 and remains in that status today.

Mr. Campana satisfies all the factors set forth for early termination.  He has achieved stable community integration through steady employment (Exhibit D) and the purchase of his residence in Chappaqua, New York, where he lives with his wife of 6 years and his fourteen-month-old son (Exhibit E).  He enjoys the support of his wife, a large family and group of close friends, all of whom live in the same community or nearby.  He has made progressive strides toward his supervision objectives and is in compliance with all conditions of supervision.  He played no aggravated role in the offense of conviction and has no history of violence, no recent arrests or convictions or ongoing, uninterrupted patterns of criminal conduct, no recent evidence of alcohol or drug abuse, no recent psychiatric episodes, no identifiable risk to the safety of any identifiable victim, and no identifiable risk to public safety based on the Risk Prediction Index (RPI).

Terminating Mr. Campana's supervised release would enable him to more easily connect with family who live out of state in New Jersey and Florida and also expand his professional

services to better support his wife and child.

Mr. Campana has suffered the consequences of and learned from his mistakes since 2017. He spent his term of imprisonment in prayer, meditation, reading, focused on improving his health and helping others. His experience in the system changed him profoundly and set him on the stable path that he is on today. Based upon all factors to be considered, it is respectfully submitted that Mr. Campana is a suitable candidate for early termination of supervised release. Accordingly, he respectfully requests that the Court order that his term of supervision be terminated pursuant to 18 U.S.C. § 3583(e).

Respectfully submitted,

/s/
David Smith
Smith & King LLC

DATED: July 18, 2023